NEAL, &c.
vs.
DAVIS.
contract, that it is unnecessary to notice further the instructions given or refused.   We only add, that if Edmund was illegally employed at the ore banks, in violation of the contract of hiring, no question of diligence or negligence can arise.   If on this hypothesis the defendants are not liable for all casualties which might have happened to the injury of Edmund after they commenced and before they ceased their illegal use and control, they are at least liable for such as may reasonably be attributed to their illegal act, though other intervening cause or causes may have cooperated with it.   But as this question as to the restriction in the contract is doubtful upon the evidence, and might have been determined either way by the jury, it is important that the principle of liability on each hypothesis should have been correctly expounded.

Wherefore, the judgment is reversed, and the cause remanded for a new trial according to the principles of this opinion.

---

Case 17.

Pet. Eq.

## Neal, &c. vs. Davis.

APPEAL FROM M'CRACKEN CIRCUIT.

1. The 26th section of the Revised Statutes, page 542, was intended to protect purchasers, and does not protect the land in the hands of the vendee or a volunteer deriving title from the vendee from liability for the payment of the consideration.

[The facts of the case are given in the opinion of the court.—REP.]

Jno. Rodman for appellant—

Argued—1. That Davis had lost his lien upon the land for the payment of the balance of the consideration, if any was unpaid, by conveying without any

reservation of lien on the face of the deed. (*Rev. Stat. sec.* 26, *page* 543.)

NEAL, &c.
*vs.*
DAVIS.

2. That it was improper to decree·the payment by Rudolph of the balance due from him to Neal, as he had disclosed in his answer that Neal had sold his note to a third person.

*J. B. Husbands* for appellee—

1. The judgment of the circuit court is right, and the facts appearing in the record fully sustains it.

2. The court did not err in refusing the new trial upon the grounds set out in the petition. No reason is given why the application was not made in three days after the judgment. (*Sec.* 371 *and* 369, *Code of Practice.*) And it is no where alledged that the grounds for a new trial were discovered after the judgment was rendered.

Chief Justice MARSHALL delivered the opinion of the court:

June 28.

The 26*th section of the Revised Statutes, title Real Estate, page* 543, does not absolutely destroy the vendor's lien for the unpaid purchase money if the amount be not stated in the deed, but was intended to operate in favor of subsequent purchasers, by relieving them from the necessity of inquiry, and from the presumption of notice, which had been held to arise from a general statement in the deed implying that all of the purchase money had not been paid. The lien still exists upon equitable principles against the vendee, who must know if the price is not paid, and against volunteers under him, who can occupy no better position than he does himself. Testing the judgment in this case by these principles, neither William Neal, the original purchaser, nor James Neal, who received the title without valuable consideration, has any right to complain of the appropriation of a part of the purchase money for the same land, due to James Neal from his vendee, Rudolph, towards the payment of so much of the price due to Davis, for which the land being bound in the hands

The 26*th section of the Revised Statutes, page* 542, was intended to protect purchasers, and does not protect the land in the hands of the vendee or a volunteer deriving title from the vendee from liability for the payment of the consideration.

of James Neal, the price due and payable to him upon his sale to Rudolph is also liable in his hands. Rudolph, therefore, the purchaser from James Neal, has no right to complain that he is required to pay to Davis the $40 remaining due on his purchase from James Neal. The judgment makes this transfer operate expressly as a credit upon the demand adjudged to Davis, and provides that its payment shall extinguish Rudolph's liability to James Neal. Rudolph, it is true, states in his answer that James Neal has sold his note for the $40. But he does not state to whom, nor that it had been sold or transferred before the commencement of this suit, or before the service of process on himself and James Neal. And there is no other suggestion that the note has been assigned. It cannot, therefore, be assumed that it was assigned before it became involved in this action, in which it is specially referred to by the plaintiff's petition. And if Rudolph should suffer any detriment from its having been previously assigned, it will have been by his own fault in not disclosing the fact, or at least the name of the assignee.

Wherefore, the judgment is affirmed.